**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHN WILCOX,

     Plaintiff,

v.                                                 No. 19-cv-0296 KWR-GJF

MANAGEMENT AND
TRAINING CORPORATION,
R. MARTINEZ,

     Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

     This matter is before the Court on Plaintiff John Wilcox's Prisoner Civil Rights Complaint (Doc. 1).  Wilcox is incarcerated, *pro se,* and proceeding *in forma pauperis*.  He alleges prison officials violated his First Amendment rights by preventing him from receiving a book.  Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

**BACKGROUND[1]**

     Wilcox was previously incarcerated in the Otero County Prison Facility (OCPF).  (Doc. 1 at 5).  On April 20, 2016, an unidentified prison official issued a Mail Rejection Notice to Wilcox. *Id.*  The officer refused to deliver a book from "Prison Legal News." *Id.*  The Complaint does not specify the title of the book or why it was rejected.  An attachment to the Complaint indicates Plaintiff ordered the "Prisoner's Guerilla Handbook to Correspondence Programs in the U.S. & Canada." *Id.* at 15.  The attachment further indicates the book was allegedly "not directly from

---

[1] The background facts are taken from Plaintiff's complaint (Doc. 1).  For the limited purpose of this ruling, the Court assumes Plaintiff's allegations are true.

[the] vendor" and was "not purchased through [the] facility business office." *Id.*

Based on these facts, Wilcox seeks at least $5,000 in damages under the First Amendment. (Doc. 1 at 5). The Complaint names two Defendants: Management and Training Corporation (MTC), which is a private prison operator, and OCPF Warden R. Martinez. *Id.* at 4. On April 30, 2020, Wilcox filed a motion clarifying that he intended to name those Defendants in their official and personal capacities. (Doc. 17). Wilcox obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

<div align="center">

**STANDARD OF REVIEW**

</div>

The Court has discretion to dismiss an *in forma pauperis* complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(b). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …

poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

**DISCUSSION**

Wilcox's First Amendment claim must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046.

The allegations here fail to identify the prison official who prevented Wilcox from receiving his book.[2] The allegations are also insufficient to state a claim against the named Defendants, MTC and Warden Martinez. Private prison administrators such as MTC can be "persons" subject to suit under § 1983, but they cannot face liability solely because they oversee a tortfeasor. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). To be liable under § 1983, MTC must have "had an 'official ... policy of some nature ... that was the direct cause or moving force behind the constitutional violations." *Id.* A similar rule applies to prison wardens. Wilcox must show Warden

[2] An exhibit reflects that at least one OCPF official signed the Mail Rejection Notice, but Plaintiff did not name that person in the body of the Complaint, and the signature on the Notice is not fully legible. (Doc. 1 at 15).

Martinez "promulgated, created, implemented, or possessed responsibility for the continued operation of a policy that ... caused the complained of constitutional harm and acted with the state of mind required to establish the alleged constitutional deprivation." *Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018) (quotations omitted).  Wilcox does not allege his book was withheld pursuant to any specific policy promulgated by MTC or Warden Martinez.  He merely states that MTC has a contract to operate OCPF, and Martinez is the Warden of that facility.  (Doc. 1 at 4).  The Complaint therefore fails to state a § 1983 claim against any defendant.

Even if Wilcox named the correct defendants, the allegations do not state a First Amendment violation.  "Inmates have a First Amendment right to receive information while in prison to the extent the right is not inconsistent with prisoner status or the legitimate penological objectives of the prison." *Jacklovich v. Simmons*, 392 F.3d 420, 426 (10th Cir. 2004).  This includes the right to receive books, under certain circumstances.  *See, e.g., Whitehead v. Marcantel*, 766 Fed. App'x 691, 696 (10th Cir. 2019); *Khan v. Barela*, 2020 WL 1488762, at *3 (10th Cir. Mar. 26, 2020).  Courts generally apply a four-factor test to determine whether the restriction on books is reasonably related to legitimate penological interests.  *Id.*; *see also Turner v. Safley*, 482 U.S. 78, 89 (1987) (establishing the test).  The factors are:

> (1) whether a rational connection exists between the prison policy [or] regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights.

*Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002) (citing *Turner*, 482 U.S. at 89-91).

A full "analysis of the *Turner* factors is unnecessary at the pleading stage." *Al-Owhali v. Holder*, 687 F.3d 1236, 1240 n. 2 (10th Cir. 2012).  However, "[an inmate] must include sufficient

4

facts to indicate the plausibility that the actions of which he complains were not reasonably related to legitimate penological interests." *Khan v. Barela*, 2020 WL 1488762, at *3 (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1187-88 (10th Cir. 2010)).  Doing so might require the inmate to "recite[] facts that might well be unnecessary in other contexts.  For example, ... a [First Amendment] claim may not be plausible unless it alleges facts that explain why the usual justifications for the complained-of acts do not apply." *Gee*, 627 F.3d at 1185.

The allegations here give no indication as to whether the book was withheld based on a legitimate penological interest, or why it was withheld at all.  Based on an attachment to the Complaint, it appears a prison official may have relied on policies regarding vendor restrictions. (Doc. 1 at 15).  However, the allegations do not explain those policies or attach them to the Complaint.  It is also unclear how the sender is associated with the book (*i.e.,* as the actual publisher, bookseller, book club, etc).  The Tenth Circuit has upheld a policy that only permits prisoners to obtain books from the publisher, given the "obvious security problem" of "books … be[ing] used to smuggle contraband into the prison." *Jones v. Salt Lake Cty.*, 503 F.3d 1147, 1157 (10th Cir. 2007).  Finally, the attachments to the Complaint indicate Wilcox had the option of donating the book to the law library, where he could access it through a library request.  (Doc. 1 at 16).  Wilcox fails to explain whether he donated the book, and how, based on that accommodation, prison officials could have violated his First Amendment right to receive information.

For these reasons, Wilcox's Complaint fails to state a cognizable First Amendment claim. The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e), but allow Wilcox to file an amended complaint by June 12, 2020.  *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990) ("[I]f it is at all possible that [the *pro se* inmate] can correct the defect in the pleading or state

a claim for relief, the court should dismiss with leave to amend."). The Court will also deny Wilcox's Motion for Order to Name Defendants in Official and Unofficial Capacities (Doc. 17) as moot. The amended complaint should specify how Wilcox seeks to sue each Defendant. If Wilcox declines to timely amend or files an amended complaint that fails to state a claim, the Court may dismiss the case without further notice.

**IT IS ORDERED** that John Wilcox's Complaint (**Doc. 1**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Wilcox may file an amended complaint no later than June 12, 2020.

**IT IS FURTHER ORDERED** that Wilcox's Motion for Order to Name Defendants in Official and Unofficial Capacities (**Doc. 17**) is **DENIED** as moot.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE