IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN WILCOX,

    Plaintiff,

v.                                                                                   No. 1:19-cv-00296-KWR-GJF

R. MARTINEZ, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff John Wilcox's Amended Prisoner Civil Rights Complaint (Doc. 22). Also before the Court is his Motion for Service (Doc. 25). Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis.* He alleges prison officials violated his constitutional rights by preventing him from receiving a book from the publisher Prison Legal News (PLN). Having reviewed the Amended Complaint under 28 U.S.C. § 1915(e), the Court finds it survives initial review.

## BACKGROUND

Plaintiff was previously incarcerated in the Otero County Prison Facility (OCPF). (Doc. 1 at 5). The original complaint alleges that in 2016, he ordered a book from PLN titled "Prisoner's Guerilla Handbook to Correspondence Programs in the U.S. & Canada." *Id.* at 15. An unidentified prison official issued a Mail Rejection Notice to Plaintiff. *Id.* The original complaint did not explain why the book was rejected or allege that the named Defendants, Management and Training Corp. (MTC) and Warden Martinez, were personally involved in the decision. The original complaint also failed to allege those Defendants adopted a policy underpinning the book rejection. *See Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1216 (10th Cir. 2003) (To be liable under § 1983,

entity defendants must have "had an 'official ... policy of some nature ... that was the direct cause or moving force behind the constitutional violations'"); *Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018) (applying rule to prison supervisors).

For these reasons, the Court dismissed the original complaint but granted leave to amend. (Doc. 18).  Plaintiff filed an Amended Complaint (Doc. 22), which clarifies that OCPF Sergeant Ayala participated in the rejection decision along with several John Doe defendants.  *Id.* at 7, 19, 31.  Ayala allegedly indicated there is a blanket ban on all books from PLN and told Plaintiff to send the book home or donate it.  *Id.* at 31.  Plaintiff contends there is no apparent reason for this ban.  It appears PLN publishes books in-house, which alleviates security concerns regarding contraband, and the PLN subject matter relates to criminal justice, legal standards, and self-help. *Id.* at 18-19.  Plaintiff further alleges prison officials permitted other inmates to buy similar books. *Id.* at 24.

The Amended Complaint raises claims under the First Amendment, the Fourteenth Amendment, the Equal Protection Clause, and 42 U.S.C. § 1983.  Plaintiff seeks at least $5,000 from each of the following Defendants: (1) Sergeant Ayala; (2) MTC; (3) OCPF Warden Martinez; (4) former New Mexico Secretary of Corrections Gregg Marcantel; (5) OCPF Contract Monitor Ebeth Cruz-Martinez; and (6) John Does 1-10.  (Doc. 22 at 2-3, 27-34).

## DISCUSSION

The crux of the Amended Complaint is that prison officials arbitrarily withheld a book on correspondence learning, which Plaintiff purchased from the publisher.  The Tenth Circuit instructs that cases should not be dismissed on screening where prison officials denied a book request, and the reasons for the decision are unclear.  *See Khan v. Barela*, 808 Fed. App'x 602, 608 (10th Cir.

2

2020) (reversing screening dismissal and remanding for record development); *Whitehead v. Marcantel*, 766 Fed. App'x 691, 696 (10th Cir. 2019) (same).  The Tenth Circuit has also suggested that a ban on inmate books from the publisher in this case, PLN, may be unconstitutional.  *See Jacklovich v. Simmons*, 392 F.3d 420, 431 (10th Cir. 2004) (reversing district court and suggesting ban on purchases from PLN was not reasonably related to legitimate penological interests). Accordingly, the claims – as clarified in the Amended Complaint (Doc. 22) – survive initial review under 28 U.S.C. § 1915(e).

The Court must determine whether to order service on all or some of the Defendants.  As explained in the prior ruling, § 1983 plaintiffs must show each defendant was personally involved in the alleged constitutional violation.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). If there was no personal involvement in the wrongdoing, supervisors and entities cannot be held vicariously liable under § 1983 for their employees' actions.  *See Moya,* 895 F.3d at 1233; *Dubbs*, 336 F.3d 1194, 1216.  The alleged constitutional violation must instead be traceable to the defendant's policy or custom.  *Id.*

Construed liberally, the Amended Complaint demonstrates Sergeant Ayala, Warden Martinez, Contract Monitor Martinez-Cruz were personally involved in the book rejection.  Ayala allegedly communicated the ban on PLN purchases and told Plaintiff to donate the book.  (Doc. 22 at 31).  Plaintiff also appears to contend Martinez and Martinez-Cruz were involved in the grievance process, knew about the issue, and failed to remedy it.  *Id.* at 26-27, 34.  *See Pemberton v. Patton,* 673 Fed. App'x 860, 868 (10th Cir. 2016) (a § 1983 plaintiff can "show a supervisor's personal involvement ... by demonstrating... knowledge of the violation and acquiescence in its continuance") (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)).  The Court

3

will therefore direct the Clerk to serve notice and waiver of service forms on Sergeant Ayala, Warden Martinez, Contract Monitor Martinez-Cruz.

The claims against MTC present a closer call.  The Amended Complaint indicates the book was withheld pursuant to a policy banning purchases from PLN.  Plaintiff further alleges such ban is inconsistent with New Mexico Corrections Department mail policies.  (Doc. 22 at 22, 31).  It is possible that MTC adopted the blanket ban on PLN books, but the point is not entirely clear.  Consistent with the liberal construction requirements of *pro se* pleadings, and because the claims against other Defendants will survive review, the Court determines MTC should at least answer the Amended Complaint.  The Court will direct the Clerk's Office to serve notice and waiver of service forms on MTC.  The issue of who adopted the policy banning books from PLN can be resolved on summary judgment, following a *Martinez* investigation.  *See Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978), and noting a *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims").

As to former Secretary of Corrections Marcantel, there is no indication he was aware of or personally involved in the book rejection.  To the extent Plaintiff sues Marcantel for damages in his official capacity, the claim is also barred by sovereign immunity.  *See Wood v. Milyard,* 414 Fed. App'x 103, 105 (10th Cir. 2011) (Section 1983 plaintiffs cannot state a claim for retrospective relief against state officials or agencies).  The Court will therefore dismiss all claims against Marcantel.

The Amended Complaint finally purports to name John Doe Defendants 1-10, who worked in the mail room and library when Plaintiff's book was rejected.  (Doc. 22 at 3).  "[T]he onus [is]

4

squarely on plaintiffs to track down the whereabouts of defendants" so that the Court can "effectuate service, … even when the plaintiffs are in prison." *Washington v. Correia*, 546 Fed. App'x 786, 789 (10th Cir. 2013). However, courts have also "recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). There is no clear answer in the case law on when John Doe defendants must be identified. The Tenth Circuit has affirmed the dismissal of such defendants on screening where the complaint lacked sufficient information to effectuate service, but it has also left open the possibility of permitting limited discovery and resolving the issue on summary judgment. *Compare Mayfield v. Presbyterian Hospital Administration*, 772 Fed. App'x 680, 686 (10th Cir. 2019) and *Ellis v. Oliver*, 714 Fed. App'x 847, 850 n. 1 (10th Cir. 2017). The Amended Complaint indicates Plaintiff may need discovery to identify his John Doe Defendants. (Doc. 22 at 7). The Court therefore declines to dismiss any John Doe Defendants at this time.

Plaintiff must identify the John Doe Defendants within a reasonable time, and prior to any dispositive ruling on summary judgment. The Court is not responsible for taking any *sua sponte* action to track down John Doe Defendants. Plaintiff should file a separate motion seeking service on the John Doe Defendants, if and when he identifies them, and/or a separate motion seeking discovery, if necessary. If Plaintiff fails to successfully identify any John Doe Defendants and file a separate motion seeking Court-supplied service on those Defendants within a reasonable time, the Court may enter summary judgment dismissing all claims against the John Doe Defendants with prejudice.

**IT IS ORDERED** that the Motion for Service (**Doc. 25**) is **GRANTED, in part**.

**IT IS FURTHER ORDERED** the Clerk shall **ISSUE** notice and waiver of service forms, with copies of the Amended Complaint (**Doc. 22**), to Sergeant Ayala, Warden Martinez, Contract Monitor Ebeth Martinez-Cruz, and Management and Training Corp.  The Clerk may mail forms to Management and Training Corp at:

> 500 North Market Place Drive
> Centerville, Utah 84014

The Clerk may mail forms to Sergeant Ayala, Warden R. Martinez, Contract Monitor Ebeth Martinez-Cruz at:

> Otero County Prison Facility
> 10 McGregor Range Road
> Chaparral, NM 88081

**IT IS FURTHER ORDERED** that all claims in the Amended Complaint against former Secretary of Corrections Gregg Marcantel are **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**