UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOHN WILCOX,

    Plaintiff,

v.                                                                                                                               Civ. No. 19-296 KWR/GJF

MANAGEMENT AND TRAINING CORP.,
WARDEN R. MARTINEZ, DOES 1-10,
SERGEANT ALAYA, EBETH MARTINEZ-
CRUZ, and DEPUTY WARDEN SIMMONS,
*in their official and individual capacities*,

    Defendants.

## **ORDER TO FILE A *MARTINEZ* REPORT**

THIS MATTER is before the Court on a review of the record. On May 24, 2021, Warden R. Martinez, Deputy Warden D. Simmons, Sergeant Ayala, and Management & Training Corporation (MTC) filed their Answer [ECF 37] to Plaintiff's Amended Complaint [ECF 22]. As further explained below, the Court will require these Defendants, which represent four of the five currently named Defendants,[1] to submit a *Martinez* report.

## I. BACKGROUND

The Court's previous Memorandum Opinion and Order [ECF 26] provides a succinct summary of Plaintiff's Amended Complaint and notes the need for a *Martinez* investigation:

> The crux of the Amended Complaint is that prison officials arbitrarily withheld a book on correspondence learning, which Plaintiff purchased from the publisher. The Tenth Circuit instructs that cases should not be dismissed on screening where prison officials denied a book request, and the reasons for the decision are unclear. The Tenth Circuit has also suggested that a ban on inmate books from the publisher

---

[1] Defendant Ebeth Martinez-Cruz, the New Mexico Corrections Department State Contract Monitor, has not yet answered or otherwise made an appearance. Although notice and waiver of service forms, along with a copy of the Amended Complaint, were mailed to her at the Otero County Prison Facility in Chaparral, New Mexico, *see* ECF 26 at 6, Plaintiff has listed her address as being at the New Mexico Corrections Department in Santa Fe. *See* ECF 22 at 4. Consequently, the Court will resend these forms to Defendant Martinez-Cruz and will use the address provided by Plaintiff. In addition, the Court will give Defendant Martinez-Cruz additional time to meet the deadlines set forth in this Order.

in this case, PLN [Prison Legal News], may be unconstitutional. Accordingly, the claims—as clarified in the Amended Complaint—survive initial review under 28 U.S.C. § 1915(e).

Construed liberally, the Amended Complaint demonstrates Sergeant Ayala, Warden Martinez, Contract Monitor Martinez-Cruz were personally involved in the book rejection. . . .

. . . The Amended Complaint indicates the book was withheld pursuant to a policy banning purchases from PLN. . . . It is possible that MTC adopted the blanket ban on PLN books, but the point is not entirely clear. . . . The issue of who adopted the policy banning books from PLN can be resolved on summary judgment, following a *Martinez* investigation.

ECF 26 at 2-4 (citations omitted).[2]

## II. DISCUSSION

An investigation and Special Report are necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for any of Plaintiff's claims, including but not limited to the issue of who (if anyone) may have adopted a policy of banning books from the publisher PLN. *See Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991); *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

In a suit brought by a *pro se* prisoner, the Court may order defendants to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether a meritorious claim exists. *Martinez*, 570 F.2d at 320; *see also, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be used in a variety of contexts, **including motions for summary judgment or a *sua sponte* entry of summary judgment**. *See Hall*, 935 F.2d at 1109-12 (noting that a *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at

---
[2] Deputy Warden Simmons was later added as a Defendant. *See* ECF 31 at 1-2 (recounting Plaintiff's allegation that Defendant Simmons "was in charge of the Education Department at the Otero County Prison Facility" and was at least "partly responsible" for "Plaintiff's [requested] book being rejected" (quoting ECF 28 at 1)).

2

ferreting out the "factual or legal bases for [the] claims"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence."). When a *Martinez* Report is used for summary judgment purposes, however, a *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109. Accordingly, in addition to the information requested by the Court herein, Defendants should submit whatever materials they consider relevant to Plaintiff's claims and their defenses. Plaintiff should do the same in his response.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants shall, no later than **July 30, 2021**, file a *Martinez* Report in accordance with the following:

1. Defendants' *Martinez* Report must address **in a written brief** all of the allegations against each Defendant, as well as any defenses raised in their answer that they wish to pursue. Defendants shall also include as attachments any affidavits or documents relevant to any allegation or defense. The submission of documents without an accompanying brief will not be considered in compliance with this Order.

2. Allegations and defenses must be supported by factual assertions in the brief, which, in turn, must be supported by proof, such as affidavits or documents that are to be included as attachments.

3. The brief must also state whether policies or regulations pertaining to Plaintiff's allegations exist, and, if so, the relevant policies or regulations must also be included as attachments.

4. Copies of all affidavits and documents included as attachments should be arranged in a logical order and be Bates-stamped or otherwise be clearly serially marked. Defendant must also provide affidavits to properly authenticate submitted documents.

5. The Court is aware that materials contained in corrections and law enforcement files may be sensitive and that there may be valid reasons for keeping such information secret. As such, Defendants may move to seal confidential portions of documents submitted with the *Martinez* Report and provide a redacted version of

the Report to Plaintiff. If Defendants seek to seal or redact any portion of their Report, they must file a motion to seal at least fourteen (14) days before the *Martinez* Report filing and service deadline. The motion to seal shall describe with specificity the type of documents Defendants wish to seal and shall assert the reasons for nondisclosure.

6. Should Defendants choose to file a motion for summary judgment based on the information contained with their *Martinez* Report, such a motion shall be filed (1) no later than **August 13, 2021**; (2) separate and apart from the Report; and (3) in compliance with the applicable federal and local rules of procedure, with the following caveat: rather than file attachments to a motion for summary judgment in support of the factual assertions therein, Defendants shall instead cite to the *Martinez* Report.[3] Defendants must provide citations supporting their assertions with specificity. At the very least, Defendants should direct Plaintiff and the Court to the specific page or pages supporting an assertion.

7. The Court may strike any filing that fails to comply with this order.

**IT IS FURTHER ORDERED** that Plaintiff shall file and serve his response to the facts contained within Defendants' *Martinez* Report within thirty (30) days of its filing. Defendants need not file a reply to Plaintiff's Response to the *Martinez* Report.

**IT IS FURTHER ORDERED** that if Defendants file a motion for summary judgment, Plaintiff must file a separate response to that motion within thirty (30) days of its filing. Defendants shall file and serve their reply, if any, to a motion for summary judgment within fourteen (14) days of Plaintiff's response.

**IT IS FURTHER ORDERED** that the Clerk shall **ISSUE** notice and waiver of service forms, along with a copy of the Amended Complaint [ECF 22] and a copy of this Order [ECF 38], to Contract Monitor Ebeth Martinez-Cruz at:

---

[3] Under the Local Rules, "exhibits to a motion, response or reply" are not to exceed a total of fifty (50) pages unless by agreement of the parties or with leave from the Court after the filing a motion. D.N.M.LR-Civ. 10.5. Given that the *Martinez* Report will essentially serve as the parties' exhibits to a summary judgment motion, response, and reply, should such filings be made, the Court hereby grants leave for the *Martinez* Report to exceed the exhibit page limit set forth in the Local Rules.

>New Mexico Corrections Department
>P.O. Box 27116
>Santa Fe, NM 87502-0116

If the docket shows that Defendant Martinez-Cruz did not return the waiver within 45 days after such service, then Plaintiff shall file a motion requesting that officers of the Court serve a copy of the Summons and Complaint on Defendant.

**IT IS FINALLY ORDERED** that Defendant Martinez-Cruz shall file any supplement to the *Martinez* Report (or additional *Martinez* Report) no later than 60 days from the date on which service is waived (or 30 days from the date of service, if service is not waived). Fourteen (14) days after such a Report is filed, Defendant Martinez-Cruz shall file any motion for summary judgment based on the information contained with the Report. (The 30-day timeframe to respond to such a Report or a corresponding motion for summary judgment, along with the 14-day reply timeframe, shall remain unchanged.)

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE